203 F.3d 153 (2nd Cir. 1999)
 RICKY BROWN, on behalf of himself and all other persons similarly situated; JAMEL CHAMPEN, on behalf of himself and all other persons similarly situated; SHERYL CHAMPEN, on behalf of herself and all other persons similarly situated; HOPETON GORDON, on behalf of himself and all other persons similarly situated; JEAN CANTAVE, on behalf of himself and all other persons similarly situated; RAISHAWN MORRIS, on behalf of himself and all other persons similarly situated; TIM RICHARDSON, on behalf of themselves and all other persons similarly situated; DARRYL TAYLOR, on behalf of themselves and all other persons similarly situated; ROBERT WALKER, on behalf of themselves and all other persons similarly situated; CLEMENT MALLORY, on behalf of themselves and all other persons similarly situated; RONALD SANCHEZ, on behalf of themselves and all other persons similarly situated; DARNELL LEMONS, on behalf of themselves and all other persons similarly situated; JOHN BUTLER, on behalf of themselves and all other persons similarly situated; JASON CHILDS, on behalf of themselves and all other persons similarly situated; PAUL HEYWARD, JR., on behalf of themselves and all other persons similarly situated; RONALD JENNINGS, on behalf of themselves and all other persons similarly situated; PAUL HOWE, on behalf of themselves and all other persons similarly situated; BUBU DEMASIO, on behalf of themselves and all other persons similarly situated; WILSON ACOSTA, on behalf of themselves and all other persons similarly situated; CHRIS HOLLAND, on behalf of themselves and all other persons similarly situated; JERMAINE ADAMS, on behalf of themselves and all other persons similarly situated; FELIX FRANCIS, on behalf of themselves and all other persons similarly situated; DANIEL SONTAG, on behalf of themselves and all other persons similarly situated; RONALD LYNCH, on behalf of themselves and all other persons similarly situated; KENNETH McCLAIN, on behalf of themselves and all other persons similarly situated; HERVEY PIERRE, on behalf of themselves and all other persons similarly situated; VINCENT QUINONES, on behalf of themselves and all other persons similarly situated; LAURENCE PLASKETT, on behalf of themselves and all other persons similarly situated; LAMONT WYCHE, on behalf of themselves and all other persons similarly situated; STEVEN YORK, on behalf of themselves and all other persons similarly situated; TYRONE LOHR, on behalf of themselves and all other persons similarly situated; KING GONZALEZ, on behalf of themselves and all other persons similarly situated, Plaintiffs-Appellants,
RAISHAWN MORRIS, Appellant,
CHARLES BATTISTE, on behalf of himself and all other persons similarly situated; WAYNE LEWIS, on behalf of himself and all other persons similarly situated; MICHAEL CHRISTIAN, on behalf of themselves and all other persons similarly situated; MAJOR BARNETT, on behalf of himself and all other persons similarly situated, Plaintiffs,
v.
CITY OF ONEONTA, NEW YORK; POLICE DEPARTMENT OF THE CITY OF ONEONTA, NEW YORK; JOHN J. DONADIO, Chief of Police of the City of Oneonta, in his individual and official capacities; JOSEPH REDMOND, Oneonta Police Officer, in his individual and official capacities; WILLIAM M. DAVIS, Oneonta Police Officer, in his individual and official capacities; X. OLSEN, Oneonta
Police Officer, in his individual and official capacities; ANONYMOUS OFFICERS AND INVESTIGATORS OF THE POLICE DEPARTMENT OF THE CITY OF ONEONTA, in their individual and official capacities; THE STATE OF NEW YORK; STATE UNIVERSITY OF NEW YORK; STATE UNIVERSITY OF NEW YORK, COLLEGE AT ONEONTA ("SUCO"); NEW YORK STATE DIVISION OF STATE POLICE; H. KARL CHANDLER, New York State Police Investigator, in his individual and official capacities; ROBERT FARRAND, New York State Police Troop C Commander, in his individual and official capacities; GEORGE CLUM, New York State Police Investigator, in his individual and official capacities; KEVIN MORE, New York State Police Investigator, in his individual and official capacities; JOHN WAY, New York State Police Investigator, in his official capacities; MARK KIMBALL, New York State Trooper, in his individual and official capacities; KENNETH GRANT, New York State Trooper, in his individual and official capacities; NEW YORK STATE TROOPER FARRAGO, in his individual and official capacities; ANONYMOUS STATE POLICE OFFICIALS AND INVESTIGATORS, in their individual and official capacities; SUCO DEPARTMENT OF PUBLIC SAFETY; MERRITT HUNT, SUCO Department of Public Safety Officer, in his individual and official capacities; TIM JACKSON, SUCO Department of Public Safety Officer, in his individual and official capacities; JOHN EDMONDSON, SUCO Department of Public Safety Officer, in his individual and official capacities; HARTMARK LEIF, in his individual and official capacities; ERIC WILSON, in his individual and official capacities; CARL SHEDLOCK, Oneonta Police Officer, in his individual and official capacities; ANONYMOUS PUBLIC SAFETY OFFICERS, in their individual and official capacities; ANONYMOUS SUCO COMPUTER EMPLOYEES, in their individual and official capacities; SEAN RALPH, Otsego County Sheriff's Deputy; CHRIS LEHENBAUER, Otsego County Sheriff's Deputy; ANONYMOUS OTSEGO CITY; ANONYMOUS OTSEGO COUNTY SHERIFF'S DEPUTIES, INVESTIGATORS AND/OR OFFICERS, Defendants-Appellees.
 Docket No. 98-9375
August Term 1999
 UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
 Argued June 4, 1999
Decided Oct. 26, 1999
Motion for Reargument Oct. 27, 1999
Decided: Dec. 27, 1999
 
 Motion for reargument by plaintiffs in an appeal heard on June 4, 1999 from a judgment in the United States District Court for the Northern District of New York (McAvoy, Chief Judge).
 Motion denied.
 DANIEL A. RUZOW, Esq., Whiteman Osterman & Hanna, Albany, N.Y., for Plaintiffs-Appellants.
 DENISE A. HARTMAN, Esq., Assistant Attorney General (Eliot Spitzer, Attorney General of the State of New York, Peter H. Schiff, Acting Solicitor General, Nancy A. Spiegel, Assistant Attorney General, of counsel), Albany, N.Y., for State Defendants-Appellees.
 DANIEL J. STEWART, Esq., Dreyer Boyajian LLP, Albany, N.Y., for City Defendants-Appellees.
 Before: OAKES and WALKER, Circuit Judges, and GOLDBERG,* Judge.
 PER CURIAM:
 
 
 1
 Plaintiffs-appellants have moved for reargument of their appeal. We issued a decision on October 26, 1999 affirming in part, vacating in part, and remanding. Brown v. City of Oneonta, 195 F.3d 111 (2d Cir. 1999). Plaintiffs-appellants now argue that their appeal should be reheard because the attorney who argued their case before us, D. Scott Bassinson, had personal interests that created an "appearance of impropriety." General Motors Corp. v. City of New York, 501 F.2d 639, 648 (2d Cir. 1949) (quoting ABA Code of Professional Responsibility, Canon 9). The motion is denied.
 
 
 2
 Plaintiffs-appellants were represented on this appeal by the firm of Whiteman Osterman & Hanna ("the Firm"). On December 10, 1998, the Firm filed the appellants' brief and, after the appellees' brief was filed by the Attorney General on January 19, 1999, the Firm filed a reply brief on February 1, 1999. We heard argument on June 4, 1999. Bassinson, a lawyer at the Firm, authored the briefs and presented oral argument on behalf of plaintiffs-appellants. In the two months prior to oral argument, but after the briefs had been filed, Bassinson interviewed on three or more occasions for a position with the Environmental Protection Bureau of the Office of the Attorney General of the State of New York ("the Bureau"). A separate bureau of the Attorney General's Office was responsible for arguing the appeal on behalf of the appellees. Bassinson did not advise the Firm's management of his contacts with the Attorney General's Office until July 1, 1999. Bassinson did disclose his involvement in the case with lawyers in the Bureau prior to oral argument, but they did not communicate the information to the attorneys responsible for the appeal. A few weeks after oral argument, Bassinson accepted a position as an Assistant Attorney General in the Bureau.
 
 
 3
 Plaintiffs-appellants insist that the foregoing facts create an "appearance of impropriety" that requires reargument of the appeal under General Motors, 501 F.2d at 648. We disagree. General Motors concerned disqualification of counsel, not a petition for rehearing. Cf. Fed. R. App. P. 40(a) (petition for panel rehearing). But even if we were to apply principles pertaining to disqualification of counsel, plaintiffs-appellants have not articulated the proper standard. They argue that the appearance of impropriety is sufficient to trigger disqualification, or in this case reargument by new counsel. But this circuit requires not only an appearance of impropriety, but also a showing that the proceedings were somehow tainted by counsel's conflict of interest. See Armstrong v. McAlpin, 625 F.2d 433, 445-46 (2d Cir. 1980) (in banc), vacated on other grounds, 449 U.S. 1106 (1981); see also Bottaro v. Hatton Assocs., 680 F.2d 895, 896-97 (2d Cir. 1982).
 
 
 4
 Here, there is not the slightest showing that Bassinson's interest in employment with the Environmental Protection Bureau at the time of oral argument adversely affected Bassinson's representation of plaintiffs-appellants.
 
 
 5
 Bassinson's oral argument to this court was extremely cogent and well-presented. Indeed, plaintiffs-appellants concede that "there is no demonstrable evidence that the attorney's active discussions with the Office of the Attorney General compromised his advocacy." Plaintiffs-appellants' brief was filed approximately four months before the earliest alleged contact between Bassinson and the Environmental Protection Bureau. Because the arguments that Bassinson made at oral argument were fully consistent with those in his brief, there can be no serious claim that Bassinson's representation was in any respect tainted or compromised by his interest in working for the Bureau.
 
 
 6
 For these reasons, plaintiffs' motion for reargument is denied.
 
 
 
 Notes:
 
 
 *
 The Honorable Richard W. Goldberg, of the United States District Court of International Trade, sitting by designation.